**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

James Joseph Dover,
Petitioner,
v.
Ryan Thornell, et al.,
Respondents.

No. CV-26-02137-PHX-SPL (JZB)

**REPORT AND RECOMMENDATION**

**TO THE HONORABLE STEPHEN P. LOGAN, UNITED STATES DISTRICT JUDGE**:

Petitioner James Joseph Dover has filed a *pro se* Petition for the Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. 7.)

## I. SUMMARY OF CONCLUSION.

On July 18, 2013, Petitioner was sentenced to two consecutive 16-year sentences pursuant to a plea agreement. *See* (doc. 7-1 Exh. G, at 104); *see also* (doc. 18-1 Exhs. C, D, at 13–19.) Petitioner had 90 days—ending on October 17, 2013—to file a timely petition for Post-Conviction Relief ("PCR"). Ariz. R. Crim. P. 33.4. Petitioner commenced three PCR proceedings in Case no. CR2012-159328 and two proceedings in Case no. CR2012-007830. (Doc. 18-1 Exh. N at 162.) The state trial court dismissed every proceeding as untimely. *See* (doc. 18-1, Exh. H, at 38–39); *see also* (doc. 18-1, Exh. J, at 52–54.); (doc. 18-1, Exh. L, at 147.) After the expiration of the PCR deadline on October 17, 2013, Petitioner had one year to file a petition for a writ of habeas corpus under the

Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). 28 U.S.C. § 2255(f). Petitioner's limitation period for habeas relief under AEDPA ended on October 17, 2014. *Id.* On March 23, 2026, Petitioner filed the instant Habeas Petition. (Doc. 7.) The Court finds that the instant petition is over 11 years late, a delay that is not excused by tolling or actual innocence. Therefore, the Court **recommends** the instant Petition be **dismissed with prejudice**.

## II. BACKGROUND.

### A. Facts.

On July 19, 2012, Petitioner was indicted by a Maricopa County grand jury on three felony counts: one count of first-degree murder and two counts of reckless endangerment in Case no. CR2012-007830-001. (Doc. 18-1, Exh. A, at 3–4.) In Case no. CR2012-159328-001, Petitioner was indicted on four felony counts: one count of first-degree murder, one count of armed robbery, one count of attempted second degree murder, and one count of theft of means of transportation. (*Id.*, Exh. B.)

On May 9, 2013, Petitioner pleaded guilty to an amended count of second-degree murder. (*Id.*, Exh. C.) Pursuant to the plea, he was to be sentenced to no more than the presumptive term of 16 years in prison. (*Id.*) On the same day, Petitioner also pleaded guilty to second-degree murder with a presumptive term of imprisonment of 16 years in Case no. CR2012-159328-001. (*Id.*, Exh. D.)

On July 18, 2013, Maricopa County Superior Court Judge Cohen sentenced Petitioner to the presumptive term of 16 years in CR2012-007830-001 and the presumptive term of 16 years to run consecutively to CR2012-159328-001. (Doc. 7-1, Exh. G at 103–104.) At the sentencing hearing, the trial court told Petitioner, "[i]f you wish to petition for Post-Conviction Relief, you must file a notice within 90 days from today or you lose that right." (*Id.* at 106.)

### B. Petitioner's Direct Appeal

By entering the two guilty pleas, Petitioner waived his right to direct appeal. (Doc. 18-1, Exh. C, at 14.) Both plea agreements, signed by petitioner, state:

> [T]he Defendant hereby waives and gives up any and all motions, defenses, objections or requests which he has made or raised, or could assert hereafter, to the court's entry of judgment against him and imposition of a sentence upon him consistent with this agreement. By entering this agreement, the Defendant further waives and gives up the right to appeal.

(Doc. 18-1, Exh. C, at 14); *see* (doc. 18-1, Exh. D, at 18.)

"In Arizona, a defendant who pleads guilty waives the right to direct appeal and may seek review only by collaterally attacking his convictions through PCR proceedings under Arizona Rule of Criminal Procedure 32 (now Rule 33)." *Darrin v. Shinn*, No. CV-21-02196, 2022 WL 17979688, at *12 (D. Ariz. Oct. 18, 2022); *see* Ariz. R. Crim. P. 17.2(a)(5). The Ninth Circuit Court of Appeals clarified that "Arizona's Rule 32 of-right proceeding for plea-convicted defendants is a form of direct review within the meaning of 28 U.S.C. § 2244(d)(1)(A)." *Summers v. Schriro*, 481 F.3d 710, 716–17 (9th Cir. 2007). Under Arizona law, "the procedure for direct review of convictions by guilty plea is an of right post-conviction relief ("PCR") proceeding." *Primitivo v. Ryan*, No. CV-18-4595, 2019 WL 4605626, at *1 (D. Ariz. July 22, 2019).

**C. Post-Conviction Relief Proceedings**.

On October 5, 2015, Petitioner filed a petition for PCR in Case no. CR2012-159328-001. *See* (doc. 7 at 4); *see also* Ariz. R. Crim. P. 33.1, 33.4. Petitioner claimed that his "conviction and sentence were obtained in violation of his constitutional rights" and claimed ineffective assistance of counsel. (Doc. 18-1, Exh. H, at 38–39.) On January 25, 2016, the state trial court dismissed Petitioner's claims as untimely and explained that Petitioner failed to "supply an adequate factual basis for his claims and the reasons for their untimely assertion." (Doc. 18-1, Exh. H, at 39.)

On August 29, 2024, Petitioner filed a second PCR in CR2012-159328-001, claiming that: (1) he was denied effective assistance of counsel; (2) unspecified state and federal constitutional rights were abridged; (3) the court did not have subject matter to render a judgment or impose a sentence in his case; and (4) the failure to file a timely notice of PCR was not his fault. (Doc. 18-1 Exh. I, at 43–44.) On October 29, 2024, the state trial

court dismissed the petition. (Doc. 18-1 Exh. J.) The trial judge determined the petition was untimely by "more than eight years," provided no facts to explain "why concurrent jurisdiction would not lie in this Court," incorrectly raised ineffective assistance of counsel claims because relief was precluded from the first Rule 33 proceeding, and "failed to state a claim for which relief can be granted." (*Id.* at 52–54.)

On June 16, 2025, Petitioner filed a third PCR in both cases, claiming that (1) unspecified state and federal constitutional rights were abridged; (2) the sentence was not authorized by law or by the plea agreement; (3) newly discovered material facts exist, and those facts probably would have changed the sentence; and (4) the failure to file a timely notice of PCR was not his fault. (Doc 7-1 Exh. B, at 8–9.) Petitioner alleged that his "sentence was the result of false information in the Presentence Investigation Report (PSR) in violation of the Defendant's right to due process." (*Id.* at 10.) On July 17, 2025, the state trial court dismissed his petitions in both cases finding that Petitioner failed to "assert substantive claims and adequately explain the reasons for their untimely assertion." (Doc. 7-1 Exh. C, at 21.)

On August 6, 2025, Petitioner filed a petition for review to the state court of appeals, seeking review of the state trial court's denial of post-conviction relief (Doc. 18-1, Exh. M.) The Arizona Court of Appeals found that Petitioner "ha[d] not established that the superior court abused its discretion." (*Id.* at 162.)

On July 18, 2026, the Arizona Supreme Court denied his petition for review. (*Id.*, Exh. O.)

## III. PETITIONER'S HABEAS PETITION.

On March 23, 2026, Petitioner initiated the instant action while also filing a Motion to Stay. (Doc. 1, 2.) The Court ordered Petitioner to amend his petition within 30 days (doc. 5.) and Petitioner timely filed his Amended Petition, asserting the following three grounds:

> (1) "Violation of Due Process Under the Fifth and Fourteenth Amendments; Sentencing Based on Materially False and Unreliable Information";
> (2) "Violation of Due Process Under the Fourteenth Amendment; Denial of Opportunity to Review and Rebut PSR"; and
> (3) "Violation of Due Process Under the Fourteenth Amendment of the United States Constitution; 18 U.S.C. § 3352(d)[.]"

(Doc. 7 at 6–13.)

Respondents did not oppose Petitioner's Motion to Stay, and the Court granted the Motion on May 27, 2026. (Doc. 12.)

On July 20, 2026, Petitioner filed a Motion for Discovery and Appointment of Counsel. (Doc. 14.) Respondents opposed Petitioner's Motion for Discovery and took no position on his Appointment of Counsel. (Doc. 17.) The Court denied both motions on August 16, 2026. (Doc. 22.)

## IV. TIMELINESS.

The writ of habeas corpus affords relief to persons in custody pursuant to the judgment of a state court in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. §§ 2241(c)(3), 2254(a). Petitions for habeas corpus are governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). 28 U.S.C. § 2244.

A threshold matter for the Court is whether the instant Petition is time-barred by AEDPA. *See Blackman v. Cisneros*, 122 F.4th 377, 381 (9th Cir. 2024) ("The timeliness of a claim under AEDPA is a threshold question that must be decided before reaching the merits.") (quoting *Ford v. Gonzalez*, 683 F.3d 1230, 1238 (9th Cir. 2012)). ADEPA establishes a one-year statute of limitations commencing on:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

A habeas petition filed after the one-year statute of limitations is untimely, unless the Petitioner can establish statutory tolling, equitable tolling, or actual innocence. *See* 28 U.S.C. § 2244(d)(2) (tolling the one-year limit when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim

is pending"); *see also Holland v. Florida*, 560 U.S. 631, 645 (2010) (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)) (noting "that § 2244(d) is subject to equitable tolling in appropriate cases" where a petitioner has shown "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way").

**A. The Instant Proceedings are Untimely**.

As a preliminary matter, the Court finds that the instant Petition is untimely under 28 U.S.C. § 2244(d)(1)(A). Under § 2244(d)(1)(A), where a petitioner seeks direct review of their sentence, the statutory one-year period begins on "the date on which the judgment became final by the conclusion of direct review[.]" 28 U.S.C. § 2244(d)(1)(A).

Petitioner was sentenced on July 18, 2013, pursuant to two guilty pleas. (Doc. 18-1, Exhs. E–F, at 21–29.) Petitioner then had 90 days, ending on October 17, 2013, to file a petition for post-conviction relief. Ariz. R. Crim. P. 33.4. Petitioner did not file for post-conviction relief in either case within the 90-day deadline. Thus, he is not entitled to statutory tolling under 28 U.S.C. § 2244(d)(1)(A). *See Patterson v. Stewart*, 251 F.3d 1243, 1247 (9th Cir. 2001) ("AEDPA's one-year grace period is tolled during the pendency of properly filed state petitions challenging the judgment or claim at issue.").

Petitioner first filed[1] a petition for PCR on October 5, 2015,[2] which the court dismissed as "untimely by almost two years." (Doc. 18-1, Exh. H at 39.) His two subsequent petitions for PCR were also ruled as untimely.[3]

After the expiration of post-conviction relief, Petitioner had one year to file a petition for writ of habeas corpus under AEDPA. 28 U.S.C. § 2255(f). Consequently, Petitioner had until October 17, 2014, to timely file a habeas petition. *Id.* Petitioner did not file the instant Petition until March 23, 2026. *See* (doc. 1. at 13.) Hence, **the instant Petition was filed 11 years, 5 months, and 7 days late**.[4]

---

[1] A petition is "properly filed" when it is delivered and accepted in compliance with the governing rules of the relevant jurisdiction. *Zepeda v. Walker*, 581 F.3d 1013, 1016 (2009).

[2] *See* (doc. 7 at 4.); *see also* (doc. 18-1, Exh. H, at 38.)

[3] *See* (doc. 7 at 4–5.); *see also* (doc. 18-1, Exhs. J, L.)

[4] The Court's prior order, (doc. 22, at 3), stated that the instant habeas petition was 13 years past the AEDPA deadline. This was in error. However, this was harmless because the petition is still over a decade late and therefore does not change the outcome of that

**B. Equitable Tolling**.

Although a Petitioner's Petition may be untimely, the expired statute of limitations may be excused by equitable tolling. *See Holland*, 560 U.S. at 645. "A petitioner who seeks equitable tolling of AEDPA's 1-year filing deadline must show that (1) some 'extraordinary circumstance' prevented him from filing on time, and (2) he has diligently pursued his rights." *Luna v. Kernan*, 784 F.3d 640, 646 (9th Cir. 2015) (citing *Holland*, 560 U.S. at 649). Petitioner bears the burden of showing that equitable tolling should apply. *See Espinoza-Matthews v. California*, 432 F.3d 1021, 1026 (9th Cir. 2005). Equitable tolling is only appropriate when external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely habeas action. *See Chaffer v. Prosper*, 592 F.3d 1046, 1048–49 (9th Cir. 2010). "[A] pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling." *Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006).

Equitable tolling is to be rarely granted. *See, e.g.*, *Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1011 (9th Cir. 2009); *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003) ("Equitable tolling is justified in few cases[.]"). "Petitioner must show that the extraordinary circumstances were the cause of his untimeliness and that the extraordinary circumstances made it impossible to file a petition on time." *Porter v. Ollison*, 620 F.3d 952, 959 (9th Cir. 2010) (cleaned up). "Indeed, the threshold necessary to trigger equitable tolling under AEDPA is very high, lest the exceptions swallow the rule." *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (cleaned up). The Ninth Circuit has held "[t]he 'due diligence' clock starts ticking when a person knows or through diligence could discover the vital facts, regardless of when their legal significance is actually discovered." *Ford v. Gonzalez*, 683 F.3d 1230, 1235 (9th Cir. 2012); *see Redd v. McGrath*, 343 F.3d 1077 (9th Cir. 2003).

Petitioner is not entitled to equitable tolling because he fails to establish either an extraordinary circumstance that precluded timely filing of his habeas petition, or that he

---

order or the recommendation here.

was diligent in pursuing his rights. Petitioner alleges he first requested a copy of the PSR and a transcript of his sentencing hearing while preparing an application for clemency on August 3, 2023. (Doc. 7 at 15.) Despite Petitioner's claim that he was diligent in requesting copies of his PSR and sentencing transcript, he fails to explain the 10-year delay[5] as to how he could not have discovered the alleged issue with the PSR within AEDPA's statute of limitations period up until October 17, 2014.

Petitioner also asserts, in June of 2025, that he was "allowed to briefly view the PSR on an ADC computer by a C.O. III and saw it contained materially false information used to generate aggravating factors that influenced the outcome of his sentencing."[6] (Doc. 7, at 17.) Petitioner fails to explain how he could not have requested a copy of his presentence report and sentencing transcript prior to August 3, 2023, and fails to explain how he could not have discovered allegedly false information in the PSR before the expiration of AEDPA's limitations period. Therefore, because Petitioner was neither diligent nor precluded from filing a timely petition due to an extraordinary circumstance, he is not entitled to equitable tolling.

**C. Actual Innocence.**

A petitioner's untimely habeas petition may be excused if, in the petition, he raises "a convincing claim of actual innocence[.]" *See McQuiggin*, 569 U.S. at 398. "[A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass" through a procedural bar or expiration of statute of limitations. *Id.* at 386. Actual innocence "means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998). The petitioner "must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *McQuiggin*, 569 U.S. at

---

5 Petitioner was sentenced on July 18, 2013, and first requested the sentencing transcript and PSR for his application for clemency on August 3, 2023—more than ten years after his sentencing. *See* (doc. 7.)

6 Even assuming, *arguendo,* that Petitioner's allegations are accurate, he fails to show how the allegedly false information influenced his sentence. In Arizona, aggravating factors influence the propriety of a sentence only if a trial court intends to impose a sentence longer than the presumptive term. *See* A.R.S. § 13–701(C). Petitioner voluntarily signed both plea agreements, he was present at sentencing, and Judge Cohen was within his discretion in sentencing Petitioner to the presumptive terms in both cases. *See* (doc. 18-1, Exhs. E, F.)

399 (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)). "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 324. "Given the rarity of such evidence, in virtually every case, the allegation of actual innocence has been summarily rejected." *Shumway v. Payne*, 223 F.3d 982, 990 (9th Cir. 2000).

A guilty plea does not, by itself, preclude a finding of actual innocence. *See Bousley v. United States*, 523 U.S. 614, 623–24 (1998) (applying the actual innocence test to a defendant who pleaded guilty); *Vosgien v. Persson*, 742 F.3d 1131, 1134–37 (9th Cir. 2014) (same). However, it does make such a finding more difficult. *See Chestang v. Sisto*, 522 F. App'x 389, 390 (9th Cir. 2013) (finding petitioner's guilty plea "seriously undermine[d]" a claim of actual innocence).

Because Petitioner does not assert actual innocence, nor is there any evidence provided establishing actual innocence, there is no basis for the Court to excuse the expiration of the statute of limitations based on actual innocence.

## V. CONCLUSION.

The record is sufficiently developed, and the Court does not find that an evidentiary hearing is necessary to resolve this matter. *See Rhoades v. Henry*, 638 F.3d 1027, 1041 (9th Cir. 2011). Because the Petition is untimely and not excused by tolling or actual innocence, the Court finds that Petitioner's claims are procedurally defaulted and without merit. The Court therefore **recommends it be dismissed with prejudice**.

Furthermore, if the recommendations contained herein are adopted, the District Court's decision will be based on procedural grounds. Therefore, and for the reasons contained herein, reasonable jurists would not find it debatable whether the District Judge was correct in the procedural ruling. Accordingly, it is **recommended that a certificate of appealability should be denied**. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

//

Accordingly,

**IT IS RECOMMENDED** that Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (doc. 1) be **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal be **DENIED**.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment. The parties shall have 14 days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 6, 72. Thereafter, the parties have 14 days within which to file a response to the objections.

Failure to file timely objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the District Court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). Failure to file timely objections to any factual determinations of the Magistrate Judge may be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See* Fed. R. Civ. P. 72.

Dated this 14th day of October, 2026.

Honorable John Z. Boyle
United States Magistrate Judge